**Javier Romero DRUETTA, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 04–70268.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Dec. 10, 2007.

Javier Romero Druetta, Chino, CA, for Petitioner.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, Efthimia S. Pilitsis Fax, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

### MEMORANDUM ***

Javier Romero Druetta, a native and citizen of Argentina, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen to apply for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *de Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004). We review de novo constitutional claims. *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Druetta's motion to reopen because he failed to provide any evidence that his wife would suffer hardship if he were removed. *See INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (BIA may deny motion to reopen if alien has not established prima facie eligibility for relief); 8 U.S.C. § 1229b(b)(1)(D) (requiring alien to show exceptional and extremely unusual hardship to a qualifying relative for cancellation of removal relief).

It follows that Druetta has not established a due process violation. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge ... [a petitioner] must show error and substantial prejudice.").

Druetta's equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act fails because "Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States.'" *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002); *accord Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001); *Masnauskas v. Gonzales,* 432 F.3d 1067, 1071 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

